UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
FRED DAUBER, WILLIAM BLECKIKI, RALPH
BONAVIST, HOWARD JONES, WILLIAM HAMILTON,
CHARLES FUCHS, JOHN FUCHS, WAYNE ROGERS,
WILLIAM SMITH, WILLIAM WEITZMAN, WILLIAM
MACCHIONE, ROBERT CARLINO, JOSEPH GANIRO,
GEORGE FRANK, ARTHUR GODSELL, PAUL O'BRIEN,    **REPORT AND**
JOSEPH OLIVIERI, ROSS PEPE, ALFREDO REZENDE    **RECOMMENDATION**
as Trustees and Fiduciaries of the Suburban New York
Regional Council of Carpenters Welfare, Pension, Vacation,    CV 00-3003 (DRH) (WDW)
Annuity, Apprentice Training, and Charitable Trust Funds,

                                     Plaintiffs,

      -against-

DIMAIO MILLWORK CORP., ROBERT DIMAIO, INC.,
and DIMAIO ARCHITECTURAL INSTALLATIONS, INC.,

                                    Defendants,
-------------------------------------------------------------------------X
**WILLIAM D. WALL, United States Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Denis Hurley for a report and recommendation on the amount of damages, interest, and attorneys' fees to be awarded. Based on the evidence submitted, the court recommends that damages be awarded as follows: $52,830.51 in additional contributions, $38,689.91 in interest on those contributions, $10,566.10 in liquidated damages, and attorneys' fees and costs of $60,404.76, for a total award of **$162,491.28**.

## BACKGROUND

      The procedural history of this case is as follows. Plaintiffs, the trustees and fiduciaries of the Suburban New York Regional Council of Carpenters Welfare, Pension, Vacation, Annuity,

Apprentice Training and Charitable Trust Funds (the "Trustees"), commenced this lawsuit by service of a summons and complaint on the defendant on May 25, 2000. Following a bench trial, Judge Hurley, in a Memorandum and Order (the "M&O") dated May 10, 2004, found that defendants Robert DiMaio, Inc. ("Robert, Inc.") and DiMaio Architectural Installations, Inc. ("DiMaio Architectural")[1] are required to make contributions to the plaintiff Funds for the period of January 1996 through June 1998. M&O, DE [50]. Judge Hurley further found the defendants jointly and severally liable to plaintiffs for the delinquent contributions, *id.* at p. 10, ordered defendant Robert, Inc. to submit to an audit, and directed the parties to contact the undersigned for a report and recommendation regarding damages, interest, and attorneys' fees. *Id.* at p.12.

Following entry of Judge Hurley's order, the defendants filed, and subsequently defaulted on, an interlocutory appeal to the Second Circuit. *See* Docket Entry ("DE") [60]. After the dismissal of the appeal in September 2005, defendants' former counsel sought leave to withdraw. Counsel's motion was granted, and defendants were given until March 1, 2006 to retain new counsel. *See* Order of 1/11/06, DE [64]. Defendants were advised that as corporations, they could not proceed pro se. *Id.*

Prior to the court imposed deadline for retention of new defense counsel, the court received a letter from Ann DiMaio with a return address for DiMaio Architectural Installations, Inc. DE [66]. In that February 27, 2006 letter, Ms. DiMaio stated that "[w]e can't possibly retain council by March 1, 2006 nor can we afford to retain counsel" but "[w]e do not wish a default judgment." *Id.* By order dated March 9, 2006, the undersigned again cautioned defendants that

---

[1] Plaintiffs had settled this action with the remaining defendant, DiMaio Millwork Corporation, prior to the bench trial.

a corporation may only appear through counsel, and gave them a final opportunity to retain counsel and contest the amount of damages. *See* Order of 3/9/06, DE [67]. They were given until April 28, 2006 to appear by new counsel and were further warned that "[i]f no notice of appearance and opposition papers have been filed by that date, the court will consider plaintiffs' damages submission unopposed." *Id.* On April 27, 2006, the court received another letter from Ann DiMaio in which she advised the court that she had consulted law firms and had decided not to retain new counsel. DE [68].

On March 8, 2006, plaintiffs submitted papers in support of their damages claims. DE [65]. In light of defendants' failure to retain new counsel, plaintiffs' submission was unopposed by defendants.[2] On August 8, 2006, the undersigned ordered plaintiffs to submit revised papers to comport with an apparent discrepancy between the plaintiffs' prior submission and Judge Hurley's Memorandum of Decision and Order regarding the applicable time period of the deficiencies at issue. DE [69]. The plaintiffs have complied with that order. DE [71]. Defendants have not submitted any papers in opposition.

**DISCUSSION**

Judge Hurley's Memorandum of Decision and Order states that defendants "are required to make contributions to the Funds as per the collective bargaining agreements in effect from January 1996 through June 1998." M&O p. 12. Judge Hurley, citing a statement from plaintiffs' counsel, also made a finding that "[t]he period of deficiency for which Plaintiffs seek recovery is from January 1, 1997 through June 30, 1998." *Id.* at ¶ 4 (citing Tr. at 38). Despite this finding,

---

[2]Although Ms. DiMaio's letter indicates that "[w]e would greatly appreciate your patience in reviewing the following facts before making your decision," the court could not and did not consider her arguments made on behalf of the corporate defendants in preparing this report.

3

plaintiffs claim that the actual time period at issue is one year longer, that is, January 1, 1997 through June 30, 1999, and suggest that the shorter time period cited in the transcript was either a typographical error or an inadvertent misstatement. *See* Lumia Aff. at ¶4, DE [71]. To support this contention, plaintiffs point to the full exchange between the court and plaintiffs' counsel:

> THE COURT: As I understand it, you're seeking $29,000 plus from the defendant. I want to know what's the time frame.
> MR. GROH: The deficiency is concerning January 1, 1997, through June 30, 1998.

Tr. at 38:10-13. Judge Hurley cited this page of the transcript in his finding regarding the pertinent time period. M&O ¶4. Plaintiffs point out, however, that the "$29,000 plus" figure referenced by the court during the relevant exchange was taken from the Audit Report of Schultheis & Panettieri dated January 19, 2000, and that the Audit Report and its supporting appendix clearly define the audit period as January 1, 1997 through June 30, 1999. Despite counsel's apparent statement citing the shorter time period, plaintiffs now argue that Judge Hurley's inquiry, read along with the Audit Report, support the contention that counsel's response was either a misstatement by that attorney, or was transcribed incorrectly.

Taken in context with Judge Hurley's question, the undersigned accepts plaintiffs' arguments and recommends application of the longer period of January 1, 1997 through June 30, 1999. Although the court is troubled by plaintiffs' failure to raise this concern when the M&O was issued, defendants have not come forth with any argument to dispute plaintiffs' claim that the shorter time period was a typographical error or misstatement. Accordingly, the undersigned recommends that Judge Hurley amend his order to find the applicable deficiency period to be

January 1, 1997 through June 30, 1999.[3]

I. Delinquent Contributions

Despite a court order directing it to cooperate in an audit, defendant Robert, Inc. failed to provide its records for that purpose. The Collective Bargaining Agreement ("CBA") provides that should an employer fail to cooperate in an audit, the Trustees may calculate each month's contribution by using "the highest number of employees' hours for any months during the twelve (as) preceding months audited or the last twelve (12) months for which reprots were filed, whichever monthly number of hours is greater." CBA, §13 (F). Applying this provision, plaintiffs use the 59 hours recorded in November 1997 in making their calculations. Lumia Aff. ¶12. Plaintiffs, supported by the CBA and stamp purchase orders, calculate the amounts owed using this formula to be $23,177.92. Plaintiffs' Revised Statement of Damages ("Dmgs Stmt"), at 4, DE [71-1]. The court finds that plaintiffs have provided adequate support for the amounts owed by defendant Robert Inc. and recommends an award of $23,177.92 in additional contributions.

Plaintiffs base their claim for additional contributions owed by defendant DiMaio Architectural on the audit report dated January 19, 2000. The report covered the period from January 1, 1997 through June 30, 1999 and found a deficiency totalling $29,652.59. Based on the affidavits and evidence submitted, the court accepts plaintiffs' claim for additional contributions in that amount. Adding the amounts owed by both defendants, the undersigned recommends a total award of $52,830.51 in delinquent contributions owed to plaintiffs.

---

[3]Plaintiffs provided damages figures for the shorter time period in their papers. The undersigned references those figures herein should Judge Hurley decide that the shorter time period should apply. *See* n. 5, *infra*.

Interest

Judge Hurley found that the CBA provides for recovery of interest calculated at prime rate plus two percent. M&O ¶19.[4]  Plaintiffs claim that they are entitled to an award of interest at the rate of 9.5%, which is "the prime interest rate in effect at the time of plaintiffs' first statement of damages was submitted (7.5%) plus two percent." Lumia Aff. ¶16.  Applying this interest rate, plaintiffs claim they are entitled to interest in the amount of $17,534.63 from January 1, 1997 through June 30, 1999 as to defendant Robert Inc., and $21,155.28 for the same time period as to defendant DiMaio Architectural.  The court accepts these calculations, and recommends an award of $38,689.91 in interest.

Liquidated Damages

The CBA provides that plaintiffs are entitled to additional damages equal to the greater of the amount of interest charged on the unpaid contributions, or liquidated damages in the form of 20% of the unpaid contributions.  CBA, Section 13 (F)(ii).  Plaintiffs here request liquidated damages equal to 20% of the unpaid contributions.  Lumia Aff. ¶18.  Thus, the undersigned recommends an award of liquidated damages in the amount of 20% of the unpaid contributions, or $4,635.58 as to defendant Robert, Inc. and $5,930.52 as to defendant DiMaio Architectural for a total amount of $10,566.10 in liquidated damages.

Attorneys' Fees and Costs

Plaintiffs are also entitled to reasonable attorneys' fees pursuant to the CBA, Section 13 (F)(iii), and statute, 29 U.S.C. §1132(g)(1).  A party seeking an award of attorneys' fees must

---

[4]Judge Hurley based this finding in part on the parties' stipulated fact to this effect contained in the joint proposed pretrial order.

support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983).

A review of the billing records indicates that the time spent was reasonable and not excessive. Based on the declaration of Anthony Lumia dated September 9, 2006 and the billing records submitted, the court finds that all relevant factors support an award of attorneys' fees. There is, however, a discrepancy in the amounts sought as stated in plaintiffs' affidavit and the amounts supported by the billing records. While the affidavit mentions $59,204.00 worth of billable time, *see* Lumia Aff. ¶ 19, the time records only support a total of $58,722.75. *See* Lumia Aff., Ex. 5. The undersigned recommends an award in the amount supported by the time records, $58,722.75.

Finally, plaintiffs seek an award of costs totaling $2,215.48. The court finds that while the documentation provided is adequate, some of the costs sought are not reimbursable. Plaintiffs include $533.47 in electronic research fees assessed by Westlaw and Lexis. Computerized research "is merely a substitute for an attorney's time that is compensable under an application for attorney's fees and is not a separately taxable cost." *United States for Use and Benefit of Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.,* 95 F.3d 153, 173 (2d Cir.1996); *see also Securities and Exch. Comm'n v. Goren,* 272 F. Supp. 2d 202, 214 (E.D.N.Y. 2003) (internal citation omitted). Thus, the charges for electronic research will not be reimbursed. Subtracting the charges for electronic research, the court recommends an award of costs in the amount of $1,682.01.

## RECOMMENDATION

For all the reasons set forth above, the undersigned recommends an award, for the period of time from January 1, 1997 through June 30, 1999, as follows[5]:

| Defendant | Add'l Contrib. | Interest | Liquidated Dmgs | TOTAL |
|---|---|---|---|---|
| Robert Inc. | $23,177.92 | $17,534.63 | $4,635.58 | **$45,348.13** |
| DiMaio Architectural | $29,652.59 | $21,155.28 | $5,930.52 | **$56,738.39** |
| **TOTALS** | **$52,830.51** | **$38,689.91** | **$10,566.10** | **$102,086.52** |

Regardless of the time period used, the plaintiffs are further entitled to attorneys' fees and costs of $58,722.75 and $1,682.01 respectively, totaling **$60,404.76**.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to plaintiffs by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28

---

[5] Should Judge Hurley elect to limit the period of recovery to January 1, 1997 through June 30, 1998, the award amounts would be as follows:

| Defendant | Add'l Contrib. | Interest | Liquidated Dmgs | TOTAL |
|---|---|---|---|---|
| Robert Inc. | $12,173.83 | $9,976.30 | $2,434.77 | $24,584.90 |
| DiMaio Architectural | $9,375.55 | $7,350.62 | $1,875.11 | $18,601.28 |
| TOTALS | $21,549.38 | $17,326.92 | $4,309.88 | $43,186.18 |

U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       November 3, 2006

      /s/ William D. Wall
William D. Wall
United States Magistrate Judge